UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In Re: Brody Coates, and,            Chapter 7
       Kristin Coates

Debtor(s)            Case No.: 19-29067-KMP

---

Terrance Faust, Robert Kaschak, Douglas Carter, Ty Jeranek,
Joseph Gehring, Nick Gehring, Erik Jacobi, Jeff Roblee,
Michael Helt III, Ben Fischer, Chad Stewart, Daniel Anderson,
James Wilkinson, James Gaertner, Terese Jesinski, Tim McPhail,
Pete Kohl, Don Starzman, Samuel Uttech, Cal Falkenberg,
Bruce Howard, Glen Savage, Walter Thornton, and Justin Beatovic,

       Plaintiffs,            Adversary No.: 19-2210-KMP

v.

Brody Coates,

       Defendant.

---

## Answer

---

The above-captioned Defendant-Debtor, Brody Coates, by Consumer Advocates of Wisconsin, LLC, by Attorney Jonathan Mas, hereby answers the complaint filed by the above-named Plaintiffs as follows:

### JURISDICTION

1. The Debtor admits.

2. The Debtor admits.

3. The Debtor denies. The Debtor delegated accounting responsibilities to an employee who mishandled assigned responsibilities.

Drafted by:
Attorney Jonathan Mas
Consumer Advocates of Wisconsin, LLC
PO Box 511250
Milwaukee, WI 53203
Office: 414-301-2192 / Direct: 414-217-0899
attyjonathanmas@gmail.com

4. The Debtor admits the status of litigation but denies the liabilities alleged in ¶ 4.

5. The Debtor admits.

6. The Debtor admits.

7. The Debtor admits his goal was to pay himself a salary but denies that he was able to continue to pay himself a salary once the financial condition of Coates Electric began to deteriorate in October 2018.

8. The Debtor admits.

9. The Debtor denies. The Plaintiff fails to state with any specificity what expenses it alleges were personal. The Debtor asserts that he may have been personally liable for credit cards or other debts that were used for business purposes.

10. The Debtor denies. The Plaintiff fails to state with any specificity what expenses it alleges were personal. The Debtor asserts that he may have been personally liable for credit cards or other debts that were used for business purposes.

11. The Debtor denies that the alleged distributions were the reason Coates Electric may have been unable to pay all liabilities. Specifically, the Debtor asserts the other factors including unpaid invoices led to large outstanding accounts receivable for Coates Electric, and conduct by its employees which undermined Coates Electrics' ability to collect those accounts receivables, substantially contributed to Coates Electrics' inability to pay all debts.

12. The Debtor denies and asserts the Plaintiff should specify what wages were unpaid at what time to meet its burden of proof.

13. The Debtor denies and asserts ¶ 13 is vague.

14. The Debtor denies. Specifically, the Debtor asserts the other factors including unpaid invoices led to large outstanding accounts receivable for Coates Electric, and conduct by its employees which undermined Coates Electrics' ability to collect those accounts receivables, substantially contributed to Coates Electrics' inability to pay all debts.

15. The Debtor denies.

16. The Debtor denies.

17. The Debtor admits loaning money from his parents in order to try to continue to operate Coates Electric and pay wages. The Debtor asserts that this loan is evidence of his effort to continue to operate the business despite problems created by forces outside of his control including unpaid invoices to Coates Electric and the conduct of employees of

Coates Electric who tried to undermine the ability of Coates Electric to operate and get paid.

18. The Debtor admits.

19. The Debtor denies. The Plaintiff fails to state with any specificity what expenses it alleges were personal. The Debtor asserts that he may have been personally liable for credit cards or other debts that were used for business purposes.

20. The Debtor denies and asserts that ¶ 20 is vague.

21. The Debtor admits that Coates Electric used monies received to pay its liabilities but denies that other portions of proceeds were used to make inappropriate payments or distributions.

22. The Debtor denies.

23. The Debtor denies.

24. The Debtor asserts that the allegations and statements in ¶ 24 constitute legal conclusions and, as such, no response is required. To the extent a response is required, the Debtor denies and puts the Plaintiff to its strict burden of proof.

25. The Debtor denies. Specifically, the Debtor asserts the other factors including unpaid invoices led to large outstanding accounts receivable for Coates Electric, and conduct by its employees which undermined Coates Electrics' ability to collect those accounts receivables, substantially contributed to Coates Electrics' inability to pay all debts.

26. The Debtor denies. The Plaintiff has failed to make any showing that Coates Electric actually received the payments it alleges were made to it and that those funds were misapplied.

27. The Debtor denies. The Plaintiff has failed to make any showing that Coates Electric actually received the payments it alleges were made to it and that those funds were misapplied.

28. The Debtor denies. The Plaintiff has failed to make any showing that Coates Electric actually received the payments it alleges were made to it and that those funds were misapplied.

29. The Debtor denies.

30. The Debtor denies.

31. The Debtor denies.

32. The Debtor denies.

Affirmative Defenses

I. **<u>Failure to State a Claim Upon Which Relief can be Granted</u>**

33. The Plaintiff has failed to allege facts in support of its allegation that the Debtor is personally liable for the debt.

34. The Plaintiff has failed to allege facts in support that the Debtor statement of mind was sufficiently knowing or grossly reckless enough to make a prima facie claim under Section 523(a)(4).

35. Further, the Plaintiff has failed to allege facts to support its first and second cause of action alleging the Debtor's conduct was willful, reckless or malicious.

WHEREFORE, the Debtor respectfully requests that this Court find and order:

1. That the Plaintiff's complaint is dismissed with prejudice;

2. That the amounts asserted as a debt to the Plaintiff in the Complaint are dischargeable.

3. Such other relief as this Court may deem just and proper.

Dated this  22nd  day of January, 2020 at Milwaukee Wisconsin

_/s/_

Consumer Advocates of Wisconsin, LLC
Attorney for the Debtor(s)
By: Attorney Jonathan Mas

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

**In Re:** Brody Coates, and,                        Chapter 7
       Kristin Coates

       **Debtor(s)**                                         Case No.: 19-29067-KMP

---

Terrance Faust, Robert Kaschak, Douglas Carter, Ty Jeranek,
Joseph Gehring, Nick Gehring, Erik Jacobi, Jeff Roblee,
Michael Helt III, Ben Fischer, Chad Stewart, Daniel Anderson,
James Wilkinson, James Gaertner, Terese Jesinski, Tim McPhail,
Pete Kohl, Don Starzman, Samuel Uttech, Cal Falkenberg,
Bruce Howard, Glen Savage, Walter Thornton, and Justin Beatovic,

       Plaintiffs,                            Adversary No.: 19-2210-KMP

v.

Brody Coates,

       Defendant.

---

## Certificate of Service

---

     I, Attorney Jonathan Mas, certify that on January 22, 2020, I served pursuant to F. R. Bankr. P. 7005 the **Answer** filed with the Court to the following parties by the method stated below:

Terrance Faust and all other Plaintiffs of adversary proceeding case no. 19-2210 c/o Yingtao Ho, Previant Law Firm, 310 West Wisconsin Ave., Suite 100MW, Milwaukee, WI 53212 by first class US mail and by electronic service through the Court's CM/ECF service.

                                                Dated this 22nd day of January, 2020

                                                _/s/_

                                                Consumer Advocates of Wisconsin, LLC
                                                Attorney for the Debtor
                                                By: Attorney Jonathan Mas